Voto particular de conformidad emitido por el
Juez Aso-ciado Señor Estrella Martínez.
Nunca promoveré que la poderosa llave del acceso a la justicia, que constantemente he defendido como Juez, se torne en una herramienta de acceso a la injusticia contra los servidores públicos, ya sean de esta Rama o de los otros poderes del Gobierno de Puerto Rico.
La Moción de Reconsideración presentada ante este Tribunal constituye el eslabón más reciente de una cadena de eventos, perpetuados por dos letrados demandantes, diri-gidos a secuestrar la integridad, el honor y la legitimidad de más de cien funcionarios públicos relacionados con el sistema de justicia.
La presentación de recursos escudados o amparados en la defensa de la Constitución de Puerto Rico es un asunto serio. Si hay un litigante que le preocupa de forma teórica una supuesta violación constitucional, mayor preocupación debería causarle que sus acciones puedan menoscabar pre-cisamente la primera oración de la primera sección de nuestra Carta de Derechos: “[l]a dignidad del ser humano es inviolable”.
Invocar en el vacío la Constitución nunca será una jus-tificación para actuar con abuso del derecho y con frivolidad. A ese ejercicio irracional del derecho, las reglas procesales reconocen la imposición de una sanción de na- *701 turaleza punitiva: los honorarios de abogado. Véase Regla 44.1(d) de Procedimiento Civil, 32 LPRAAp. V.
La temeridad es un detente al ejercicio mal ejecutado de la prerrogativa de ejercer un reclamo o defensa. Las partes deben saber cuándo termina su legitimidad para defender su postura y en qué momento se constituye un abuso del proceso. La temeridad es una forma para disuadir a quien tiene o debió tener constancia de su falta de fundamentos para lograr su pretensión. Es el castigo que se impone a aquel que litiga o se defiende sin razón.
El propósito de la imposición de honorarios de abogado es, precisamente, penalizar a quien por su terquedad, obstinación, contumacia e insistencia, en una actitud desprovista de fundamentos, obliga a otra parte a asumir moles-tias innecesarias, gastos, trabajos e inconveniencias de un pleito. Fernández v. San Juan Cement Co., Inc., 118 DPR 713 (1987). Esa determinación sobre la conducta temeraria descansa en la discreción del tribunal; discreción que res-ponde a una razonabilidad de discernimiento judicial para llegar a una conclusión justiciera sin abstraerse del Derecho. Bco. Popular de P.R. v. Mun. de Aguadilla, 144 DPR 651, 657-658 (1997). Una vez el tribunal concluye que una parte ha procedido con temeridad, es mandatorio imponer los honorarios que correspondan a tal conducta. P.R. Oil v. Dayco, 164 DPR 486, 511 (2005); Corpak, Art Printing v. Ramallo Brothers, 125 DPR 724, 738 (1990). Abdicar a esta función no fortalece un sistema de justicia para todos y todas.
Dicho de otra manera, al imponer una suma de dinero en concepto de honorarios de abogado, no puede ser factor determinante para el tribunal la cantidad de dinero, considerable o poca, en honorarios de abogado que efectiva-mente hubiese gastado en el caso la parte victoriosa. Se debe tener presente que “el grado o intensidad de la con-ducta temeraria o frívola”, en que incurrió la parte perdi-dosa, es el criterio o factor determinante y crítico que el *702 Tribunal debe considerar al determinar la cuantía de los honorarios de abogado que impondrá a dicha parte. (Énfasis suprimido). Corpak, Art Printing v. Ramallo Brothers, supra, pág. 738.
En el presente caso, no estamos ante litigantes que des-conozcan el derecho y los procesos; todo lo contrario. De igual forma, los hechos acaecidos no se pueden mantener ante la sombra del manto invocado del acceso a vindicar un derecho. Los honorarios están justificados.
En la demanda instada se cuestionaba la legitimidad del nombramiento de jueces, fiscales y procuradores. A su vez, se impugnaba la validez de sus actuaciones, determi-naciones y sentencias. En lo que atañe a la Hon. Liza M. Fernández Rodríguez, un examen de los acontecimientos refleja que los demandantes han cuestionado insistente-mente su nombramiento.(1) Ciertamente, la intervención inmediata de este Tribunal para atender el reclamo de los demandantes era necesaria.
A meses de presentada la demanda, no se habían dili-genciado los emplazamientos correspondientes,(2) y se ha-bía solicitado un descubrimiento de prueba que culminó en la emisión de órdenes protectoras. Ello provocó que los de-mandantes solicitaran la recusación del juez que presidía los procedimientos. Dicho asunto fue referido a la Juez Ad- *703 ministradora, quien consideró que las alegaciones contra el juez eran “infundadas”, por lo que denegó la recusación solicitada.(3) Los demandantes acudieron en revisión ante el Tribunal de Apelaciones (KLCE201301030) en donde, a su vez, solicitaron la paralización de los procedimientos. El foro intermedio actuó, y mediante Sentencia de 23 de agosto de 2013 denegó la expedición del recurso instado.
Ante ello, continuaron los procedimientos en el foro de instancia. Incluso, el Gobierno solicitó la desestimación de la demanda presentada, entre otras razones, por falta de legitimación activa de los demandantes. Así, el foro de ins-tancia ordenó a éstos presentar su postura al respecto. Los demandantes solicitaron prórroga. No obstante, al cumplir con la orden presentaron un escueto escrito en el que reco-gían sus argumentos previos para instar la demanda. De esta forma, siguieron dilatando el reclamo que con tanta urgencia solicitaban.
Al momento de certificar el recurso, y a pesar de la ne-cesidad de actuar inmediatamente para proteger la inte-gridad de los procesos judiciales, así como la credibilidad de las determinaciones de los jueces impugnados, el foro de instancia no atendió prioritariamente esa controversia de umbral, en cuanto a la legitimación activa. Por el contra-rio, vislumbraba certificar el caso como uno de litigación compleja. Mientras tanto, la legitimidad y las determina-ciones de los funcionarios públicos aquí impugnados conti-nuaban cuestionadas y, más importante aún, la confianza de nuestras instituciones ante el Pueblo.
Los demandados aguardaban, en silencio, el emplaza-miento ante las alegaciones y los reclamos de los demandantes. Mientras los jueces demandados ejecutaban la dignidad del silencio, pasaban más de cien días y la in-violabilidad de su dignidad y la de la Rama Judicial cada *704 día se tomaba más lacerada. Ante tal cuadro, y ante las estrategias de los demandantes, la Hon. Liza Fernández Rodríguez se sometió a la jurisdicción de este Tribunal y solicitó el recurso de certificación. Por su parte, el Hon. Edgardo Rivera García, Juez Asociado de este Tribunal, se unió a su reclamo. A su vez, la Hon. Liza Fernández Rodrí-guez solicitó $20,000 en honorarios por las actuaciones de los demandantes.
Tras un ponderado análisis del balance de intereses, este Tribunal expidió la certificación y atendió el asunto medular ante su consideración: la falta de legitimación activa de los demandantes para instar su reclamo. Concluimos que el reclamo en daños de los demandantes no era específico, sino de naturaleza hipotética. No existe una sola aseveración que sostenga la posibilidad de daños específicos que no fuera el temor hipotético a la nulidad de los dictámenes emitidos. Ello, a pesar de que los demandantes, quienes son abogados, conocen la doctrina de funcionario de facto. Véase Fernández v. Corte, 71 DPR 161 (1950).
Al imponer $10,000 en honorarios de abogado, se hizo un balance adecuado. Consideramos la naturaleza del liti-gio, las cuestiones de derecho y la intensidad de la con-ducta frívola desplegada por los demandantes. El grado de intensidad y frivolidad de los reclamos de los demandantes amerita la cuantía impuesta.
El acceso a la justicia no puede estar anclado ni respal-dado por la conducta impropia de quien reclama con ter-quedad lo que sabe o debió saber que no le corresponde.
Ante estas realidades, reitero mi voto de conformidad con la Sentencia emitida en el caso de autos. Por lo tanto, no procede la reconsideración solicitada.

 Estos mismos demandantes se opusieron a este nombramiento y acudieron a las correspondientes vistas. Además, presentaron un recurso civil (KPE2012-4117) en el que cuestionaron que la Hon. Liza M. Fernández Rodríguez no cumple con los requisitos necesarios para ocupar el cargo de juez, por no contar con los años de experiencia profesional para ello. Desde ese entonces, se cuestionó la legitimación activa de los demandantes. El Tribunal de Primera Instancia se la reconoció y pro-cedió a desestimar su reclamación. De esa determinación, los demandantes acudie-ron al Tribunal de Apelaciones (KLAN201300299), que emitió Sentencia el 8 de mayo de 2013. En ésta, el foro intermedio, concluyó, entre otras, y como cuestión de um-bral, que los demandantes carecían de legitimación activa, ya que “fallaron en de-mostrar la existencia de un daño claro, palpable, real, inmediato y preciso provocado por la designación y nombramiento en controversia”. Sentencia de 8 de mayo de 2013, pág. 34. Estos acudieron ante este Tribunal en el recurso CC-2013-470 para señalar varios planteamientos de error. Este recurso está pendiente ante la conside-ración de este Tribunal.

 Solo se había emplazado al Hon. Edgardo Rivera García, Juez Asociado de este Tribunal.

 Se alegaba que el juez no era imparcial, ya que falló en contra de un cliente de uno de los peticionarios, luego que éste cuestionara la imparcialidad del juez y se remitiera el expediente al juez pareja. El juez nunca se inhibió de intervenir en ese caso, como sostuvieron los demandantes de epígrafe.